# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50202 | **DATE** | October 17, 2011 |
| **CASE TITLE** | colspan="3" | Byron Edward Adams (101) vs. Dave Janssen |

**DOCKET ENTRY TEXT**

This case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motion to reconsider the denial of his renewed motion for appointment of counsel (Dkt. No. 14), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Clerk is requested to enter a Rule 58 Judgment in favor of the defendants against the plaintiff. Plaintiff shall take nothing. The case is terminated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Pro se plaintiff Byron Edward Adams has brought a proposed amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Lee County Jail correctional officer Dave Jenssen. Plaintiff was previously granted leave to proceed *in forma pauperis*, but his first two proposed complaint were dismissed for failing to comply with the requirements of *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Dkt. Nos. 5, 11). Plaintiff's present proposed complaint complies with *George* because it only brings claims against defendant Dave Janssen and drops his unrelated claims against unrelated defendants brought in the prior unacceptable complaints.

Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In determining whether plaintiff has stated a claim on which relief may be granted, the Court accepts as true all facts alleged in the complaint and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that Janssen gave him an opened letter from his attorney on March 31, 2011. (Dkt. No. 15 at 4). The envelope had "Legal Mail" written on the front and back in large letters. (*Id*.). Janssen told plaintiff that he opened the letter by accident but plaintiff believes this is a lie because a person could not miss the large "Legal Mail" markings on the envelope.

This claim is barred under *Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). The right to access the courts includes the ability to communicate privately with an attorney. 622 F.3d at 802. A jail with a practice of opening a detainee's legal mail would be able to learn the detainee (and his attorney's strategy) thus significantly impacting their ability to litigate a case. *Id*. But the mere act of opening a letter to or from a lawyer is not enough to show a constitutional violation. Instead, the plaintiff must also make a showing of a hindrance of his efforts to pursue a legal claim caused by the opening of his legal mail by correctional officials. *Id*. at 805. This is consistent with the requirement that to state an access to courts claim, a plaintiff must allege a specific harm to an otherwise potentially meritorious case. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). *Guajardo-Palma* holds that the continual reading of legal mail by correctional officials would ordinarily be sufficient to demonstrate a specific harm to a case because this practice would likely reduce the level of candor in communications between the attorney and prisoner client. *Id*. at 805. In contrast, "[a]n isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil." *Id*.

Plaintiff's allegation of a single opening of an attorney letter is the type of isolated incident that *Guarjardo-Palma* holds is likely not going to raise an access to court violation. Furthermore, plaintiff has failed to plausibly suggest how the opening of his letter impacted an otherwise meritorious case. The providing of this explanation is required both under *Iqbal* / *Twombly* for stating any claim under the Federal Rules of Civil Procedure, and also under the access to court cases' requirement that there must be a showing of a specific harm to his litigation. Plaintiff has failed to allege any type of harm caused by Jenssen's allege act of opening the letter and so his claim must be rejected.

Plaintiff's other allegation is that onMay 31, 2011 he found a bug floating in his cereal. He told Janssen about this but Janssen made a joke about it being protein. Plaintiff's claim fails. He does not suggest that Janssen put the bug in his cereal or is otherwise responsible for the quality of food that he receives. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). The complaint does not plausibly suggest that Janssen had any personal involvement with the bug getting into his food.

Even if Janssen was involved (or for that matter plaintiff named the appropriate defendant with personal involvement), his claim would still be unsuccessful. As a pretrial detainee, plaintiff may not be subjected to inhuman conditions of confinement under the Fourteenth Amendment. *Cavalieri v. Shepard*, 321 F.3d 616, 621 (7th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To state a claim,

| STATEMENT |
|---|

plaintiff must show both: (1) an objectively serious condition that denied him a minimal civilized measure of life's necessities; and, (2) defendant must act with the subjective mind set of deliberate indifference. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted).

Plaintiff cannot meet the objective component. "The state must provide an inmate with a healthy, habitable environment . . . includ[ing] providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (internal quotation marks and citation omitted). "However, that the food occasionally contains foreign objects or is served cold, while unpleasant, does not amount to a constitutional violation." *Lieberman v. Budz*, No. 00 C 5662, 2010 WL 369614, at *7 (N.D. Ill. Jan. 28, 2010) (citation omitted). Here, plaintiff is alleging that he found a bug in his cereal on one occasion. This does not impact his ability to obtain nutritiously adequate food from the Jail or pose a threat to his health or well being. Although unpalatable, this single event does not amount to a constitutional violation.

For the foregoing reasons, this case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motion to reconsider the denial of his renewed motion for appointment of counsel (Dkt. No. 14), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Clerk is requested to enter a Rule 58 Judgment in favor of the defendants against the plaintiff. Plaintiff shall take nothing. The case is terminated.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."